PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

FREDERICK BANKS,                           )
                                           )    CASE NO.  4:13CV2439
                Plaintiff,                 )
                                           )
        v.                                 )    JUDGE BENITA Y. PEARSON
                                           )
MICHAEL PUGH, Warden, *et al.*,            )    **MEMORANDUM OF OPINION**
                                           )    **AND ORDER**
                Defendants.                )    [Resolving ECF No. 2]

        *Pro se* Plaintiff Frederick Banks, a federal inmate currently confined at the Northeast

Ohio Correctional Center ("NEOCC") on a sentence for violation of conditions of supervised

release, filed this action against NEOCC Warden Michael Pugh, the U.S. Probation Office for the

Western District of Pennsylvania, Probation Officer Ben "LNU" (last name unknown) in the

Western District of Pennsylvania, the Chief Probation Officer for the Western District of

Pennsylvania, an unknown Assistant U.S. Attorney in the Western District of Pennsylvania, the

U.S. Attorney for the Western District of Pennsylvania, the National Security Agency, the

Central Intelligence Agency ("CIA") Office of Science and Technology, the Attorney General of

the U.S. Eric Holder, Three Unknown Deputy U.S. Marshals, Counselor D. Green, CAA Officer

Gramutte, and U.S. Congressman Mike Doyle.  In the Complaint, which appears to be a civil

rights action labeled as a habeas petition under 28 U.S.C. § 2241 and a Petition for a Writ of

Mandamus, Plaintiff claims his probation officer retaliated against him for attempting to apply

for a grant under the Second Chance Act.  He further disputes the veracity of the charge that led

(4:13CV2439)

to revocation proceedings, claims he is being denied access to the law library, and contends the CIA is harassing him with electromagnetic waves.  He seeks "100 Billion dollars plus costs, interest and fees" as well as his release from federal custody.  ECF No. 1 at PageID #: 3.

Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2).  For the reasons that follow, the motion is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## I.  Background

Plaintiff is no stranger to the federal courts.  Since his incarceration, he has filed a multitude of civil rights actions against his jailers, various state and federal government agencies, and political figures, challenging the conditions of his confinement.  In the present action, Plaintiff alleges that as a condition of his release from prison on supervised release, he was barred from opening new credit accounts without the approval of his probation officer.  ECF No. 1 at PageID #:2.  He claims another individual opened the account in question and indicates the account is a brokerage account, not a credit account.  ECF No. 1 at PageID #:2.  He further alleges the accounts were not funded because he had not made any trades.  ECF No. 1 at PageID #:2.  He admits to having an American Express card and a Hexagon card, but claims the American Express is a prepaid card, not a credit card, and the Hexagon card was opened before he was on supervised released.  ECF No. 1 at PageID #:2.  He claims his probation officer initiated revocation proceedings to retaliate against him for applying for a grant under the Second Chance Act.  ECF No. 1 at PageID #:1.  He also claims CAA Officer Gramutte denied him access to the prison law library, and contends the CIA and the United States government are

2

(4:13CV2439)

harassing him with electromagnetic waves. ECF No. 1 at PageID #: 2-3. Finally, he asserts the

Defendants owe him "100 Billion dollars." ECF No. 1 at PageID #:3.

## II. Standard of Review Under 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action

without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of

poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees

and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks

pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee

at the initiation of the proceeding or over a period of time under an installment plan. *Id.*

Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who

have on three or more prior occasions, while incarcerated, brought an action that was dismissed

on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be

granted. 28 U.S.C. § 1915(g).

In interpreting the "three strikes" language of this section, the United States Court of

Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without

prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is

frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal

should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369,

377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner

Litigation Reform Act ("PLRA") also are "counted toward the 'three strikes' referred to in 28

U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Additionally, a

(4:13CV2439)

petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g), and

as such, is counted toward the three strikes where the prisoner's mandamus claims are essentially

indistinguishable from those typically alleged in a civil rights action.  *See In re Kissi*, 652 F.3d

39, 41-42 (D.C. Cir. 2011); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v. Nottingham*,

90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by

prisoners.  Allowing prisoners to continue filing actions as they had before enactment of the

amendments, merely by framing pleadings as petitions for mandamus would allow a loophole

Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison

lawsuits.'" (quoting H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166)).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not

apply if a "prisoner is under imminent danger of serious physical injury."  For purposes of

interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of

the filing of the complaint.  *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)

("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with

the complaint's filing.").  Although the Sixth Circuit has not offered a precise definition of

"imminent danger," it has suggested that the threat of serious physical injury "must be real and

proximate."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the imminent

danger exception "is essentially a pleading requirement subject to the ordinary principles of

notice pleading."  *Vandiver*, 416 F. App'x at 562.  *See also Andrews v. Cervantes*, 493 F.3d

1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the

complaint when deciding whether a prisoner faces imminent danger).

4

(4:13CV2439)

### III.  Law and Analysis

Plaintiff is a well-established, multi-district, frequent filer, who has, on well more than three prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  This Court conducted a brief search at the district court level, and found over 205 cases that Plaintiff filed in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.[1]  Of those cases, 50 were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and 100 were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Furthermore, Plaintiff attempted to circumvent dismissal under § 1915(g) by filing 29 civil rights actions and 28 U.S.C. § 2241 habeas petitions.  Those 29 cases were dismissed as frivolous or as improper filings.

Plaintiff has not limited his litigious activities to civil rights and habeas actions.  In the Western District of Pennsylvania, Plaintiff filed 27 adversarial cases in Bankruptcy Court and then appealed the summary dismissal of those actions to the District Court.   He filed 25 of those appeals on the same day, and filed the other 2 appeals one month later.  All 27 cases were summarily dismissed as inappropriate filings in a bankruptcy action.  In addition, Plaintiff filed

5

(4:13CV2439)

motions to appear *ad hoc vice* as counsel for the defendant in two criminal cases in Florida.  In one of those cases, the defendant indicated to the court that he did not solicit or desire Plaintiff's representation.

In fact, Plaintiff's frivolous filings became so prolific that the Western District of Pennsylvania and the Eastern District of Arkansas took the extraordinary step of enjoining Plaintiff from filing any additional actions without leave of court.  The Western District of Pennsylvania indicated Plaintiff had filed at least 304 civil actions between November of 2004 and July 2013.[2]  *See Banks v. Unknown Named Number of U.S. Postal Inspectors,* No. 2:13-cv-1198 (W.D. Pa. Oct. 1, 2013).

Plaintiff's captioning of his pleading in this action as a mandamus petition and/or a habeas petition under 28 U.S.C. § 2241 does not defeat the application of the PLRA's prohibition on proceeding IFP in this action.  Plaintiff asserts claims for retaliation, denial of access to the courts and harassment by the CIA.  He seeks monetary damages.  These are allegations for a civil rights action, not a habeas corpus action challenging the manner in which a sentence is being carried out.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  His pleading is without a doubt a 'complaint,' no matter what he titles it.  BLACK'S LAW DICTIONARY (9th ed. 2009) (defining complaint as an "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.").  *See, e.g., Banks v. Warden, FPC Canaan*, No. 1:11-CV-0668, 2011 WL 1542132, at *1 n. 2 (M.D. Pa. April 21, 2011) ("Although styled as a 'complaint for a writ of

(4:13CV2439)

mandamus' it is clear that plaintiff is initiating a civil action."); *Banks v. Sager*, No. 1:11-CV-0741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); *Banks v. Lappin*, No. 08-0152 (EGS), 2008 WL 2874193, at *1 (D.D.C. July 25, 2008) (vacating grant of IFP to Plaintiff in a proceeding Plaintiff captioned as a mandamus, rejecting that characterization, stating: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus." (quoting *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997))).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in this action unless he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed the Complaint (ECF No. 1).  To be considered imminent, the danger must be contemporaneous with the complaint's filing. *Vandiver*, 416 F. App'x at 562 (finding that "[b]ecause § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed.") (quoting *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp.2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).  Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule.  *Thompson*

(4:13CV2439)

*v. Sampson*, No. 1:10-cv-231, 2010 WL 1027897, at *2-3 (W.D. Mich. Mar. 18, 2010).

Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer

in danger at the initiation of proceedings in federal court. *Vandiver*, 416 F. App'x at 562.

      None of the allegations in Plaintiff's Complaint (ECF No. 1) suggest that he is under

imminent danger of serious physical injury.  He is being held in NEOCC pending a decision by

the Western District of Pennsylvania on revocation charges.  Plaintiff does not allege he is under

threat of serious physical injury.  Thus, the exception to 28 U.S.C. § 1915(g) does not apply in

this case, and Plaintiff may not proceed *in forma pauperis*.  *See Vandiver*, *Ashley*, *Banos*, and

*Luedtke*, *supra*.

## IV.  Conclusion

      Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is denied, and

this action is dismissed without prejudice pursuant to the three strikes rule set forth in 28 U.S.C.

§ 1915(g).  If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of

this Memorandum of Opinion and Order:  (1) pay the $400 filing fee in full, noting the above

case style and number; and (2) file a motion to reopen the case.  The Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


      IT IS SO ORDERED.


 May 30, 2014                          */s/ Benita Y. Pearson*
Date                                  Benita Y. Pearson
                                      United States District Judge

8

(4:13CV2439)

1.

      Cases filed by Banks which were dismissed as frivolous, malicious or failed to state a claim under 28 U.S.C. § 1915(e); were dismissed under the three strikes provision of 28 U.S.C. § 1915(g); or were dismissed because they were civil rights actions filed inappropriately as bankruptcy appeals or habeas petitions under 28 U.S.C. § 2241.

      <u>Northern District of Ohio</u>: *Banks v. Action Software*, No. 1:07 CV 930 (N.D. Ohio July 9, 2007)(§ 1915(e)); *Banks v. Scarsborough*, No. 4:13 CV 170 (N.D. Ohio Mar. 29, 2013)(§1915(g)); *Banks v. Pugh*, 4:13 CV 335 (N.D. Ohio Aug. 7, 2013)(civil rights action filed improperly under §2241); *Banks v. U.S. Marshal,* No. 4:13 CV 490 (N.D. Ohio June 19, 2013)(§1915(e)); *Banks v. An Unknown Named Number of Federal Judges and United States Covert Government Agents*, No. 1:13 CV 1763 (N.D. Ohio Oct. 10, 2013)(§1915(e)); and *Banks v. CCA Corporate Office*, No. 4:13 CV 2721 (N.D. Ohio April 23, 2014)(§1915(g)).

      <u>Middle District of Pennsylvania</u>: *Banks v. Nicklin*, No. 1:06 CV 1396 (M.D. Pa Sept. 26, 2007)(dismissed as frivolous); *Banks v. Multi-Million Dollar Mistakes of Julie Nicklin*, No. 1:06 CV 1549 (M.D. Pa. Sept. 20, 2007)(dismissed as frivolous); *Banks v. Dove*, No. 1:06 CV 2289 (M.D. Pa. Jan. 16, 2007)(§ 1915(e)); *Banks v. Green*, No. 1:07 CV 21 (M.D. Pa. Dec. 11, 2007)(§1915(e)); *Banks v. Allen*, No. 1:07 CV 22 (M.D. Pa. Nov. 29, 2007)(§1915(e)); *Banks v. Crockett*, No. 1:07 CV 1019 (M.D. Pa. June 7, 2007)(§ 1915(g)); *Banks v. United States Attorney*, No. 1:08 CV 1394 (M.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Williams*, No. 1:10 CV 675 (M.D. Pa. Apr. 14, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 1:10 CV 1103 (M.D. Pa. May 26, 2010)(§ 1915(g)); *Banks v. Guffy*, No. 1:10 CV 2130 (M.D. Pa. Jan. 10, 2012)(§1915(e) and § 1915(g)); *Banks v. Equitable Gas Co.*, No. 1:11 CV 511 (M.D. Pa. May 31, 2011)(§ 1915(e)); *Banks v. Warden*, No. 1:11 CV 668 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); *Banks v. Whitaker*, No. 1:11 CV 669 (M.D. Pa. Apr. 19, 2011)(§ 1915(g)); *Banks v. Sager, No.* 1:11 CV 741 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); and *Banks v. CIA*, No. 13 CV 2664 (M.D. Pa. Dec. 2013)(§1915(e)).  In addition, Banks filed 38 cases which were transferred to other District Courts.

      <u>Western District of Pennsylvania</u>: *Banks v.* Hull, No. 2:04 CV 1771(W.D. Pa. July 3, 2007)(§ 1915(e) and §1915(g)); *Banks v. Nordtvedt*, No. 2:05 CV 607 (W.D. Pa. Feb. 28, 2006)(§1915(e)); *Banks v. Cty of Allegheny, Pa.*, No 2:05 CV 781 (W.D. Pa. June 30, 2008)(§1915(e)); *Banks v. Hayward*, No. 2:06 CV 509 (W.D. Pa. May 30, 2006)(§1915(e)); *Banks v. Aramark  Correctional Services*, No. 2:06 CV 1424 (W.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Hayward*, No. 2:06 CV 1572 (W.D. Pa. Jan. 10, 2007)(§1915(e)); *Banks v. Pittsburgh Tribune Review*, No. 2:07 CV 336 (W.D. Pa. May 4, 2007)(§ 1915(e)); *Banks v. Buchanan*, No. 2:08 CV 1209 (W.D. Pa. Nov. 21, 2008)(§1915(e)); *Banks. v. United States*, No. 2:09 CV 676 (W.D. Pa. July 14, 2009)(§ 2255 habeas petition dismissed because it was a civil rights action inappropriately filed in criminal action);  *Banks v. Commonwealth of Pennsylvania*, No. 2:09 CV 1437 (W.D. Pa. Feb. 11, 2010)(§1915A); *Banks v. U.S. Attorney's Office for the Western District of Pennsylvania*, No. 2:11 CV 626 (W.D. Pa. Dec.

(4:13CV2439)

22, 2011)(§1915(e)); *Banks v. T. Blumm*, No. 2:11 CV 640 (W.D. Pa. May 19, 2011)(§ 1915(g)); *Banks v. Balland*, No. 2:13 CV 58 (W.D. Pa. May 8, 2013)(§1915(g)); *Banks v. Renewal, Inc.,* No. 2:13 CV 129 (W.D. Pa. Mar. 11, 2013)(§1915(g));  *Banks v. Sproat*, 2:13 CV 922 (W.D. Pa. July 19, 2013)(mandamus dismissed under § 1915(g)); *Banks v. United Safety Service*, No. 2:13 CV 1198 (W.D. Pa. Nov. 6, 2013)(§ 1915(g)); *Banks v. Ben*, No. 2:13 CV 1582 (W.D. Pa. Nov. 5, 2013)( § 1915(g)); *Banks v. United States*, No. 2:13 CV 1615 (W.D. Pa. Nov. 13, 2013)(§ 1915(g)); *Banks v. Realty Counseling Co.*, No. 2:13 CV 1025 (W.D. Pa. Aug. 20, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1151 (W.D. Pa. Nov. 13, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1152 (W.D. Pa. Oct. 28, 2013)(§ 1915(e)); *Banks v. United States Probation Dep't for the Western District of Pennsylvania*, No. 2:13 CV 1199 (W.D. Pa. Sept, 19, 2013)(§ 1915(e)); *Banks v. Duquesne Light Co.*, No. 2:13 CV 1350 (W.D. Pa. Nov. 14, 2013)(§ 1915(e)); *Banks v. Machesky*, No. 2:13 CV 781 (W.D. Pa. Nov. 6, 2013)(§ 1915(e)); *Banks v. Southside Salvation Army Halfway House and Store/Warehouse*, No. 2:13 CV 939 (W.D. Pa. Sept. 16, 2013)(§ 1915(e)); *see also Banks v. Moore*, No.2:05-cv-00261 (W.D. Pa Mar. 2, 2006) (civil action filed as bankruptcy appeal); *Banks v. Berger*, No. 2:05-cv-00594 (W.D. Pa. Feb. 28, 2006) (civil action filed as bankruptcy appeal); *Banks v. Herbert*, No. 2:05-cv-00595 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Byrd*, No. 2:05-cv-00596 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Wells*, No. 2:05-cv-00597 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Monkey Karaoke*, No. 2:05-cv-00598 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Bank v. Russell*, No. 2:05-cv-00599-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Davis*, No. 2:05-cv-00600-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nathan Angelus Software,* No. 2:05-cv-00601 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. County of Allegheny*, No. 2:05-cv-00602-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Hentosh*, No. 2:05-cv-00603-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. American Express*, No. 2:05-cv-00604-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Action Software*, No. 2:05-cv-00605-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. 101 Distribution*, No. 2:05-cv-00606 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nordtvedt*, No. 2:05-cv-00607-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Rabin*, No. 2:05-cv-00608 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Hickman*, No. 2:05-cv-00609 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Pinkas*, No. 2:05-cv-00610-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Taylor*, No. 2:05-cv-00611-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. LaBella*, No. 2:05-cv-00612-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Calabrese*, No. 2:05-cv-00613-JFC   (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Fox*, No. 2:05-cv-00614 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Freund* , No. 2:05-cv-00615-JFC  (W. D. Pa. Feb. 28, 2006)(civil action

(4:13CV2439)

filed as bankruptcy appeal); *Banks v. DKT*, No. 2:05-cv-00616-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Bank One, N.A.*, No. 2:05-cv-00617-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Moore*, No. 2:05-cv-01064-JFC   (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *In Re Banks*, 2:05-cv-01128-JFC  (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal).

District of Massachusetts: *Banks v. Sutherland*, No. 1:08 CV 10880 (D. Mass. May 28, 2008)(§ 1915(g)).

District of New Jersey; *Banks v. Tabatchnick Fine Foods*, No. 3:07 CV 4889 (D. N.J. Oct. 18, 2007)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 1:11 CV 1449 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1668 (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1753 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Wagner*, No. 1:11 CV 2854, (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Director*, No. 1:11 CV 2876 (D. N.J. Feb 10, 2012)(§ 1915(g)); *Banks. v. FCI Fort Dix Food Services*, No. 1:11 CV 3446 (D. N.J. June 27, 2011)(§ 1915(g)); *Banks v. Sutherland*, 1:11 CV 4951, (D. N.J. Sept. 6, 2011)(§ 1915(g)); *Banks v. Lofton*, No. 1:11 CV 5221 (D. N.J. Dec. 30, 2011)(§ 1915(g)).

Eastern District of North Carolina: *Banks v. Waiters*, No. 5:06 CV 491 (EDNC June 7, 2007)(§1915(e)); *Banks v. Stansberry*, No. 5:06 HC 2153 (EDNC Nov. 13, 2006)(civil rights action filed under § 2241 dismissed as frivolous) *Banks v. Stansberry*, No. 5:07 HC 2023 (EDNC Apr. 2, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Stansberry*, No. 5:07 HC 2011 (EDNC Apr. 5, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. United States Attorney*, No. 5:08 HC 2117 (EDNC Dec. 31, 2008)(mandamus dismissed under §1915(e)).

District of Columbia District: *Banks v. President United States*, No. 1:06 CV 1868 (DDC Nov. 1, 2006)(§ 1915(e)); *Banks v. One Hundred or More Unknown Named Federal Agents*, No. 1:06 CV 2066 (DDC Dec. 4, 2006)(civil rights action filed under § 2241 and dismissed)*; Banks v. Moran*, 1:07 CV 466 (DDC Mar. 19, 2007)(§ 1915(e)); *Banks v. Federal Bureau of Prisons*, No. 1:08 CV 18 (DDC July 25, 2008)(§ 1915(g)); *Banks v. Lappin*, No. 1:08 CV 152 (DDC Sept. 4, 2008)(§ 1915(g)); *Banks v. Lawson*, No. 1:08 MC 277 (DDC May 27, 2008)(§ 1915(g)).

Western District of Oklahoma: *Banks v. United States Marshal Serv.*, No. 5:07 CV 229 (W.D. Okla. Aug. 1, 2007)(§ 1915A); *Banks v. Partyka*, No. 5:07 CV 331 (W.D. Okla. Sept. 11, 2007)(§1915(e)); *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 151 (W.D. Okla. July 13, 2011)(civil rights action filed under § 2241);  *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 201 (W.D. Okla. Mar. 5, 2012)(civil rights action filed under § 2241).

(4:13CV2439)

Eastern District of Arkansas: *Banks v. Bureau of Indian Affairs*, No. 2:11 CV 191 (ED Ark. July 10, 2012)(§ 1915(e) and § 1915(g)); *Banks v. Aviant*, No. 2:12 CV 69 (E.D. Ark. June 15, 2012)(§ 1915(g)); *Banks v. Outlaw*, No. 2:12 CV 94 (E.D. Ark June 14, 2012)(§ 1915(g)); *Banks v. Jones*, No. 2:12 CV 128 (E.D. Ark. July 16, 2013)(§ 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 137 (E.D. Ark. Aug. 20, 2012)(§ 1915(g)); *Banks v. Fenner*, No. 2:12 CV 138 (E.D. Ark. July 18, 2012)(§ 1915(g)); *Banks v. Warden*, No. 2:12 CV 139 (E.D. Ark. July 19, 2012)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 150 (E.D. Ark. Mar. 25, 2013)(§1915(e)); *Banks v. Johnson*, No. 2:12 CV 177 (E.D. Ark. Sept. 19, 2012)(§ 1915(g)); *Banks v. Clinton*, No. 4:12 CV 183 (E.D. Ark. Mar. 28, 2012)(§ 1915(g)); *Banks v. Hanks*, No. 2:12 CV 221 (E.D. Ark. Jan. 31, 2013)(§ 1915(g)); *Banks v. Pugh*. No. 2:13 CV 30 (E.D. Ark. Apr. 1, 2013)(§ 1915(g)); *Banks v. Forest City*, No. 2:13 CV 38 (E.D. Ark. Apr. 25, 2013)(§ 1915(e)); *Banks v. Halke*, No. 2:13 CV 60 (E.D. Ark. June 14, 2013)(§ 1915(g)); *Banks v. Does*, No. 2:13 CV 64 (E.D. Ark. May 29, 2013)(§1915(g)); *Banks v. Roberts*, No. 2:13 CV 70 (E.D. Ark. July 2, 2013)(§ 1915(g)); *Banks v. Haynes*, No. 2:13 CV 82 (E.D. Ark. July 8, 2013)(§1915(e)); *Banks v. Thompson*, No. 4:13 CV 382 (E.D. Ark. July 3, 2013)(§ 1915(g)); *Banks v. Davenport*, No. 4:13 CV 412 (E.D. Ark. Aug. 27, 2013)(denied ifp in district court and on appeal under § 1915(g)); *Banks v. Antitrust Div.*, No. 4:13 CV 455 (E.D. Ark. Aug. 12, 2013)(§ 1915(g) dismissal and enjoined); *Banks v. Davenport*, No. 4:13 CV 480 (E.D. Ark. Aug. 22, 2013)(§ 1915(e)); *Banks v. Davenport*, No. 4:13 CV 481 (E.D. Ark. Oct. 10, 2013)(§ 1915(e)); *Banks v. Samuels*, No. 4:13 CV 482 (E.D. Ark. Aug. 22, 2013)(§1915(e)).

Eastern District of Missouri: *Banks. v. United States Attorney*, No. 1:08 CV 58 (ED Mo. May 12, 2008)(dismissed § 1915(e), denied ifp on appeal § 1915(g)).

Southern District of Mississippi: *Banks v. Reese*, No. 5:07 CV 117 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Holt*, No. 5:07 CV 161 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Reese*, No. 5:07 CV 172 (S.D. Miss. Nov. 14, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Duckworth*, No. 5:07 CV 214 (S.D. Miss. Mar. 14, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:07 CV 226 (S.D. Miss. May 2, 2008)(§ 1915(g)); *Banks v. Dalton*, No. 5:07 CV 183 (S.D. Miss Nov. 16, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Wright*, No. 5:07 CV 193 (S.D. Miss. Nov. 13, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:07 CV 34 (May 4, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:08 CV 12 (S.D. Miss. Jan. 30, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:08 CV 153 (S.D. Miss. July 10, 2009)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Sutherland*, No. 5:08 CV 222 (S.D. Miss Oct. 27, 2008)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 233 (S.D. Miss. Nov. 7, 2008)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 248 (S.D. Miss. Oct. 24, 2008)(§ 1915(g)); *Banks v. United States Attorney*, No. 5:08 CV 255 (S.D. Miss Dec. 22, 2008)(§ 1915(g)); *Banks v. Bradshaw*, No. 5:08 CV 261 (S.D. Miss. Sept. 5, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:08 CV 271 (S.D. Miss. Feb. 23, 2009)(§1915(g)); *Banks*

(4:13CV2439)

*v. Bradshaw*, No. 5:08 CV 276 (S.D. Miss. Feb. 25, 2009)(§ 1915(g)); *Banks v. Postmaster, Yazoo City*, No. 5:08 CV 281 (S.D. Miss. Feb. 23 2009)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 313 (S.D. Miss. Jan. 22, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous under § 1915(e)); *Banks v. Hunt*, No. 5:08 CV 318 (S.D. Miss. Jan. 29, 2009)(civil rights action filed as a §2241 petition); *Banks v. Pearson*, No. 5:08 CV 339 (S.D. Miss. Jan. 22, 2009)(mandamus dismissed as frivolous); *Banks v. Luton*, No. 5:08 CV 340 (S.D. Miss. Jan. 22, 2009)(civil rights action filed under § 2241 dismissed.  Court states Banks is attempting to avoid § 1915(g) by filing § 2241 petition); *Banks v. Hunt*, No. 5:09 CV 65 (S.D. Miss. May 12, 2009)(civil rights action filed under §2241); *Banks v. Hunt*, No. 5:09 CV 71 (S.D. Miss. May 12, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 74 (S.D. Miss. Aug. 6, 2009)(mandamus dismissed as frivolous); *Banks v. United States*, No. 5:09 CV 77 (S.D. Miss. May 15, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 78 (S.D. Miss. May 18, 2009)(§1915(g)); *Banks v. Edwards*, No. 5:09 CV 79 (S.D. Miss. May 18, 2009)(§1915(g));  *Banks v. Foster*, No. 5:09 CV 83 (S.D. Miss. May 21, 2009)(§1915(g)); *Banks v. John Does*, No. 5:09 CV 114 (S.D. Miss. Oct. 13, 2009)(failure to comply with court's orders); *Banks v. Pearson*, No. 5:09 CV 155 (S.D. Miss. Sept. 9, 2010)(civil rights actions filed as a § 2241 petition); *Banks v. Obama*, No. 5:09 CV 158 (S.D. Miss. Oct. 21, 2009)(civil rights action field as a 2241 petition dismissed as frivolous); *Banks v. Allen*, NO. 5:09 CV 169 (S.D. Miss. Oct. 23, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 173 (S.D. Miss. Oct. 21, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 174 (S.D. Miss. Oct. 21, 2009)(§ 1915(g));*Banks v. Chisolm*, No. 5:09 CV 181 (S.D. Miss. Nov. 10, 2009)(§1915(g)); *Banks v. Everett*, 5:09 CV 183 (S.D. Miss. Nov. 19, 2009)(§2241 petition dismissed as frivolous); *Banks v. Everett*, 5:09 CV 194 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under § 2241 dismissed); *Banks v. Chisolm*, No. 5:09 CV 198 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under §2241 dismissed as frivolous); *Banks v. Fiber*, No. 5:09 CV 201 (S.D. Miss. Dec. 4, 2009)(§1915(g)); *Banks v. Check*, No. 5:09 CV 211 (S.D. Miss. Mar. 4, 2010)(civil rights action filed as a § 2241 found to be duplicative of Case No. 5:09 CV 132, and dismissed as frivolous); *Banks v. Unknown Richard*, No. 5:09 CV 212 (S.D. Miss. Jan. 7, 2010)(§1915(g)); *Banks v. Holsten*, No. 5:10 CV 008 (S.D. Miss. Feb. 8, 2010)(civil rights action filed under § 2241 dismissed as frivolous.  Banks warned against filing inappropriate §2241 petitions); *Banks v. Blow*, No. 5:10 CV 10 (S.D. Miss. Nov. 28, 2012)(civil rights action filed as a §2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:10 CV 22 (S.D. Miss. Nov. 28, 2012)(same); *Banks v. Blow*, No. 5:10 CV 23 (S.D. Miss. Mar. 10, 2010)(§1915(g)); *Banks v. Roberts*, No. 5:10 CV 39 (S.D. Miss. May 11, 2010)(§ 1915(g)); *Banks v. Williams*, No. 5:10 CV 41 (S.D. Miss. Apr. 30, 2010)(§ 1915(g)); *Banks v. Burch*, No. 5:10 CV 46 (S.D. Miss. Mar. 31, 2010)(§1915(g)); *Banks v. Langford*, No. 5:10 CV 53 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 56 (S.D. Miss. May 7, 2010)(§1915(g)); *Banks v/ Federal Bureau of Prisons*, No. 5:10 CV 58 (S.D. Miss. Apr. 30, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 59 (S.D. Miss. May 7, 2010)(§ 1915(g)); *Banks v. Barnes*, No. 5:10 CV 60 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Burch,* No. 5:10 CV 61 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Everett*, No. 5:10 CV 62 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Lott*, No. 5:10 CV 78 (S.D. Miss.

13

(4:13CV2439)

May 7, 2010)(§1915(g)); *Banks v. Love*, No. 5:10 CV 83 (S.D. Miss. May 12, 2010)(§ 1915(g)); *Banks v. Langford*, No. 5:10 CV 88 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pitts*, No. 5:10 CV 91 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 5:10 CV 93 (S.D. Miss. June 2, 2010)(§1915(g)); *Banks v. Pearson*, No. 5:10 CV 94 (S.D. Miss. June 1, 2010)(§1915(g)); *Thomas et al. v. 2255 Haley Barbour Parkway*, No. 5:10 CV 108 (S.D. Miss. Mar. 23, 2011)(court determined Banks was attempting to avoid §1915(g) by filing with other plaintiffs. Court separated the cases and dismissed Banks under § 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 5:10 CV 109 (S.D. Miss. Sept. 9, 2010)(civil rights case filed as a § 2241 petition dismissed with prejudice as frivolous); *Banks v. Sessions*, No. 5:10 CV 141 (S.D. Miss. Dec. 22, 2011)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Secretary of the Interior*, No. 5:10 CV 157 (S.D. Miss. Oct. 22, 2010)(§1915(g)); *Banks v. Secretary of the Interior*, No. 5:10 CV 164 (S.D. Miss. Nov. 2, 2010)(§1915(g)); *Banks v. United States*, No. 5:11 CV 32 (S.D. Miss. Mar. 4, 2011)(§1915(g))*; Banks v. 2255 Haley Barbour Parkway*, No. 5:11 CV 48 (S.D. Miss. Mar. 31, 2011)(§1915(g)).

District of Alaska: *Banks v. Sutherland*, No. 3:08 CV 126 (D. Alaska June 11, 2008)(transferred to the Southern District of Mississippi. No connection to Alaska.)

District of Arizona: *Banks v. Hardy*, No. 4:11 CV 004 (D. Ariz. Jan. 25, 2011)(§1915(e) in district court; ifp denied on appeal under §1915(g)); *Banks v. Brown*, No. 4:11 CV 16 (D. Ariz. Jan. 25, 2011)(§1915(g)); *Banks v. Graber*, No. 4:11 CV 25 (D. Ariz. Mar. 25, 2011)(§ 1915(g) and §1915(e)); *Banks v. Unknown Party*, No. 4:11 CV 31 (D. Ariz. Feb. 1, 2011)(§1915(g)); *Banks v. Arnold*, No. 4:11 CV 79 (D. Ariz. Mar. 24, 2011)(§ 1915(g)); *Banks v. Smith*, No. 2:11 CV 298 (D. Ariz. Feb. 18, 2011)(§1915(e)).

District of Colorado: *Banks v.Vio Software*, No. 1:07 CV 587 (D. Colo. July 10, 2007)(§1915(e)).

Southern District of New York: *Banks v. Toobin,* No. 1:10 CV 1857 (SDNY Mar. 10, 2010) (§1915(e)).

In addition, Banks attempted to enter an appearance to represent other inmates in two separate criminal actions in Florida. In *United States* v. *Jadusingh*, No. 6:05 cr 9 (MD. Fla.), Banks filed a Motion to Modify Sentence on behalf of Jadusingh and a Motion to Appear Ad Hoc Vice. Because he was not an attorney and was himself a prisoner, the documents were stricken. Similarly, in *United States v. Smith*, No. 0:91 cr 6159 (S.D. Fla. Apr. 14, 2008), Banks filed a Motion to appear Ad Hoc Vice seeking to represent the Defendant. The request was stricken because Banks is not an attorney, is himself incarcerated, and filed the document without the consent of the Defendant who did not want his services.

Banks also has two cases currently pending in the District of Utah: *Banks v. Jackson*,

14

(4:13CV2439)

No. 2:13 CV 930 (D. Utah filed Oct. 9, 2013) and *Banks v. National Security Agency*, No.
2:13 CV 931 (D. Utah filed Oct. 9, 2013).

2.      This figure of 304 civil actions includes actions filed with appellate courts as well as
those filed in the district courts, and include habeas corpus petitions.

15